HOWARD E. SUSMAN (CA SB #88776)
STOEL RIVES LLP
12707 High Bluff Drive, Suite #200
San Diego, CA 92130
Telephone: (858) 794-1462
Facsimile: (916) 447-4781

THOMAS W. SNYDER (CO SB #33106)
(ADMITTED *PRO HAC VICE* )
STOEL RIVES LLP
999 18th Street, Suite 2700
Denver, CO 80202
Telephone: (303) 297-7884
Facsimile: (303) 357-4775

Attorneys for Defendant
Washington Inventory Service

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AT&T CORP., a New York corporation,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON INVENTORY SERVICE, a California corporation,<br><br>Defendant. | Case No. 08 CV 0758 JM POR<br><br>ANSWER TO COMPLAINT AND DEMAND FOR JURY |

Defendant Washington Inventory Service ("WIS") submits this Answer to the Complaint in accordance with Fed.R.Civ.Pro. 8.

**ANSWER TO JURISDICTION AND VENUE ALLEGATIONS**

1. WIS admits the allegations of Paragraph 1.

2. WIS admits the allegations of Paragraph 2.

3. WIS admits the allegations of Paragraph 3.

4. WIS admits the allegations of Paragraph 4.

///

**ANSWER TO GENERAL ALLEGATIONS**

5. WIS admits that WIS and AT&T entered into the contract on or about September 10, 2003, a copy of which contract is attached to the Complaint as Exhibit A ("the Contract"). WIS states that the terms of the Contract speak for themselves and denies that AT&T's summary of the Contract provisions is a full and accurate summary description of the Contract.

6. WIS admits that AT&T provided telecommunications services to WIS. WIS admits that the Contract was an Attachment to the Master Agreement between AT&T and WIS. WIS admits that the Contract, the Master Agreement, other Attachments to the Master Agreement, and the AT&T Business Services Guide each governed the manner in which AT&T was obligated to provide telecommunications services to WIS. WIS denies any allegation of Paragraph 6 inconsistent with the foregoing.

7. WIS admits that it agreed to meet a "minimum annual revenue commitment" of $360,000 for three years. WIS denies that said agreement was "pursuant to" the Contract.

8. WIS admits that AT&T did not provision sufficient telecommunications services in order to allow WIS to meet the minimum annual revenue commitment of $360,000 for each year of the three-year Contract. WIS denies that WIS "failed" to meet the minimum annual revenue commitment.

9. WIS admits the allegations of Paragraph 9.

10. WIS is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 and on that basis denies the same.

11. WIS admits that AT&T has demanded additional payment from WIS. WIS denies that WIS owes anything for AT&T's provision of communications services.

**ANSWER TO FIRST CAUSE OF ACTION**

12. WIS incorporates its responses to the allegations contained in Paragraphs 1-11 above as if fully set forth herein.

13. WIS denies the allegation of Paragraph 13.

14. WIS denies the allegations of Paragraph 14.

15. WIS denies the allegations of Paragraph 15.

## ANSWER TO SECOND CAUSE OF ACTION

16. WIS incorporates its responses to the allegations contained in Paragraphs 1-11 above as if fully set forth herein.

17. WIS admits the allegations of Paragraph 17.

18. WIS admits the allegations of Paragraph 18.

19. WIS denies the allegations of Paragraph 19.

20. WIS denies the allegations of Paragraph 20.

## AFFIRMATIVE DEFENSES

1. AT&T's claims are barred in whole or in part by applicable statutes of limitations.

2. AT&T's claims are limited to the extent that it failed to mitigate its damages.

3. AT&T''s claims are barred by its one or more material breaches of the contracts at issue, thus excusing WIS from further performance.

4. AT&T's claims are barred because the shortfall provisions in the applicable contracts are void as against public policy.

5. AT&T's claims are limited to the extent that it claims damages in excess of its actual damages.

6. AT&T's claims are barred by the doctrines of laches, waiver, and/or estoppel to the extent that AT&T failed to timely provide notice, preserve evidence, and/or file suit.

7. AT&T's claims are barred because WIS terminated the contracts at issue before the alleged damages were incurred.

8. AT&T's claims are barred by its fraudulent inducement of WIS to enter into the agreements at issue. At the time of contracting, AT&T could not provide local services, and knew that it could not provide local services, sufficient for WIS to meet the minimum annual revenue commitment. Yet AT&T did not disclose this to WIS and instead represented that it could provide requested local services to at least 70% of the WIS offices. In reliance on this

fraudulent misrepresentation, WIS entered into the contracts at issue, resulting in injury, which WIS pleads as a set-off.

**JURY DEMAND**

WIS demands trial by jury on all triable issues.

WHEREFORE, Defendant Washington Inventory Service requests that the Court enter judgment in its favor and against Plaintiff in all respects and to award Washington Inventory Service such further relief as the Court may deem appropriate.

Dated this 9th day of July, 2008.

DATED: July 9, 2008

STOEL RIVES LLP

By: /S/
THOMAS W. SNYDER
Attorneys for Defendant
Washington Inventory Service

## CERTIFICATE OF SERVICE

I am a resident of the State of Colorado, over the age of eighteen years, and not a party to this action. My business address is 999 18th Street, Suite 2700, Denver, Colorado, 80202. On July 9, 2008, I caused to be served the within document:

## ANSWER TO COMPLAINT

by serving such document via electronic mail from the U.S. District Court Live System to the following party:

Andrew A Smits
Law Offices of Andrew A Smits
36 Executive Park, Suite 160
Irvine, CA 92614
(949)833-1025
(949)833-1027 (fax)
asmits@smits-law.com

Attorney Representing *Plaintiff* AT&T Corp.

I declare that I am employed in the office of a member of this court at whose direction this service was made.

Executed on July 9, 2008, at Denver, Colorado.

/S/
Thomas W. Snyder